## IN THE UNITED STATES COURT OF APPEALS
## FOR THE DISTRICT OF COLUMBIA CIRCUIT

SPRINT CORPORATION,

        Petitioner,

    v.

FEDERAL COMMUNICATIONS
COMMISSION and UNITED STATES OF
AMERICA,

        Respondents.

Case No. 24-1224

## PETITION FOR REVIEW

Pursuant to 47 U.S.C. § 402(a), 28 U.S.C. §§ 2342 and 2344, and Federal Rule of Appellate Procedure 15(a), Sprint Corporation petitions for review of the Federal Communications Commission's forfeiture order in *In re Sprint Corp.*, File No. EB-TCD-18-00027700, FCC 24-42 ("Order"), a copy of which is attached as Exhibit A.[1]  This Petition is timely filed within 60 days of the Order's entry on April 29, 2024, *see* 28 U.S.C. § 2344, and venue lies in this Court under 28 U.S.C. § 2343.[2]

In the Order, a divided FCC concluded by a 3-2 vote that Sprint violated Section 222 of the Communications Act and a related regulation governing the

---

[1] T-Mobile US, Inc. and Sprint Corporation merged in 2020.  Sprint Corporation became a wholly owned subsidiary of T-Mobile US, Inc. and is now known as Sprint LLC.  Because the FCC issued separate forfeiture orders for Sprint and T-Mobile, Sprint and T-Mobile file separate petitions for review.

[2] Sprint paid the penalty under protest on May 28, 2024.  *Cf. AT&T Corp. v. FCC*, 323 F.3d 1081, 1083–85 (D.C. Cir. 2003) (paying forfeiture secures jurisdiction).

treatment of "customer proprietary network information," or "CPNI," 47 C.F.R. § 64.2010(a). The majority held—for the first time—that CPNI encompasses mobile-device location information that is unrelated to voice calls, concluded that Sprint "fail[ed] to take reasonable measures to discover and protect against attempts to gain unauthorized access to" this information, and imposed a penalty exceeding $12 million. Order ¶¶ 41, 46, 86. Two Commissioners dissented. Commissioner Carr explained that the location data at issue here is not CPNI under Section 222, and that the majority's holding to the contrary violated basic principles of fair notice. *Id.* at 41–43 (dissenting statement of Commissioner Carr). Commissioner Simington explained that the penalty improperly exceeded the statutory maximum and was based on an arbitrary and capricious calculation methodology. *See id.* at 44–45 (dissenting statement of Commissioner Simington).

Sprint respectfully submits that the Order is unlawful, arbitrary and capricious, an abuse of discretion, and unconstitutional for multiple reasons. To start, the Order exceeds the Commission's statutory authority. The location information at issue here is not CPNI within the meaning of Section 222(h)(1)(A), as the statutory text, context, and Commission precedent make clear. At a minimum, the Commission failed to provide fair notice of its novel, expansive statutory and regulatory interpretations—the Order punishes Sprint based on legal requirements

that the majority adopted for the first time in this proceeding and retroactively applied to Sprint's past conduct.

The Order is also unsupported by the facts. Sprint adopted numerous safeguards to protect the privacy of its customers' location data, and it acted promptly and decisively to stop rogue actors from misusing location data for unauthorized purposes. The Order is premised on the notion that Sprint should have shut down its *entire* location-based program within 30 days of newspaper reporting on one service provider's misappropriation of data, but this irresponsible approach would have terminated important services that Sprint customers wanted and chose to use—such as roadside assistance—without any reasonable transition period.

The penalty imposed in the Order is itself unlawful as well. It grossly exceeds the statutory maximum by arbitrarily subdividing a single alleged incident into 11 separate purported violations. The penalty is also baldly excessive and disproportionate under the Commission's own standards and precedent, and violates constitutional constraints on punitive fines.

Finally, this enforcement proceeding violated the Constitution in multiple ways. The Commission violated the Seventh Amendment, the Due Process Clause, and Article III by imposing this forfeiture through unilateral agency action, thereby depriving Sprint of its rights to a jury trial and due-process protections while infringing on the judicial power. The Commission also violated due-process and

separation-of-powers principles by acting as investigator, prosecutor, and judge in the same case. And the source of the Commission's forfeiture authority—47 U.S.C. § 503(b)—violates non-delegation principles because it provides no guidance with respect to the forum in which the Commission may pursue forfeitures.

For these reasons, Sprint seeks relief from the Order on the grounds that it exceeds the FCC's authority; is arbitrary, capricious, and an abuse of discretion; is unconstitutional; and is otherwise contrary to law. *See* 5 U.S.C. § 706. Accordingly, Sprint respectfully requests that the Court grant the petition; hold unlawful, vacate, enjoin, and set aside the Order; and grant such additional relief as may be appropriate, including by ordering a refund of the penalty paid under the Order.

Dated: June 27, 2024

Respectfully submitted,

  */s/ Helgi C. Walker*
Helgi C. Walker
  *Counsel of Record*
Russell B. Balikian
Zachary E. Tyree
Nathaniel J. Tisa
GIBSON, DUNN & CRUTCHER LLP
1050 Connecticut Ave., N.W.
Washington, D.C. 20036
Telephone: (202) 955-8500
Facsimile: (202) 467-0539

*Attorneys for Petitioner*
*Sprint Corporation*

# IN THE UNITED STATES COURT OF APPEALS
# FOR THE DISTRICT OF COLUMBIA CIRCUIT

SPRINT CORPORATION,

        Petitioner,

    v.

FEDERAL COMMUNICATIONS
COMMISSION and UNITED STATES OF
AMERICA,

        Respondents.

Case No. 24-1224

## CORPORATE DISCLOSURE STATEMENT

Pursuant to Rule 26.1 of the Federal Rules of Appellate Procedure and Circuit Rule 26.1, Petitioner Sprint Corporation (now known as Sprint LLC) states that it is a wholly owned subsidiary of T-Mobile USA, Inc., a Delaware corporation, which, in turn, is a wholly owned subsidiary of the publicly traded company T-Mobile US, Inc., a Delaware corporation with its principal place of business in Washington.

Deutsche Telekom Holding B.V., a limited liability company organized and existing under the laws of the Netherlands ("DT B.V."), owns more than 10% of the shares of T-Mobile US, Inc. DT B.V. is a direct, wholly owned subsidiary of T-Mobile Global Holding GmbH, organized and existing under the laws of the Federal Republic of Germany ("Holding"). Holding is a direct, wholly owned subsidiary of T-Mobile Global Zwischenholding GmbH, organized and existing under the laws of the Federal Republic of Germany ("Global"). Global is a direct,

wholly owned subsidiary of Deutsche Telekom AG, organized and existing under the laws of the Federal Republic of Germany ("Deutsche Telekom").

Gibson, Dunn & Crutcher LLP and Perkins Coie LLP represented Sprint Corporation in the agency proceedings under review.

Dated:  June 27, 2024

Respectfully submitted,

 */s/ Helgi C. Walker*
Helgi C. Walker
  *Counsel of Record*
Russell B. Balikian
Zachary E. Tyree
Nathaniel J. Tisa
GIBSON, DUNN & CRUTCHER LLP
1050 Connecticut Ave., N.W.
Washington, D.C.  20036
Telephone: (202) 955-8500
Facsimile: (202) 467-0539

*Attorneys for Petitioner*
*Sprint Corporation*

# CERTIFICATE OF SERVICE

I hereby certify that on this 27th day of June, 2024, the foregoing was electronically filed with the United States Court of Appeals for the District of Columbia Circuit using the CM/ECF system, and I caused two copies to be sent to the Clerk of the Court by overnight Federal Express for service on the Respondents pursuant to Federal Rule of Appellate Procedure 15(c)(3).

I further certify that pursuant to 47 C.F.R. § 1.13 I caused a copy of the foregoing to be served on each of the following counsel by the manner indicated:

*By Registered Mail (Return Receipt Requested) and Electronic Mail*

P. Michele Ellison
General Counsel
Federal Communications Commission
45 L St., N.E.
Washington, D.C.  20554
LitigationNotice@fcc.gov

*By Registered Mail (Return Receipt Requested)*

Merrick B. Garland
Attorney General
Department of Justice
950 Pennsylvania Ave., N.W.
Washington, D.C.  20530


 /s/ Helgi C. Walker
Helgi C. Walker
GIBSON, DUNN & CRUTCHER LLP
1050 Connecticut Ave., N.W.
Washington, D.C.  20036

*Attorney for Petitioner Sprint Corporation*