

Federal Communications Commission
Office of General Counsel—Litigation Division
45 L Street NE • Washington, DC 20554
Tel: (202) 418-1740 • Fax: (202) 418-2819

March 26, 2025

Clifton B. Cislak, Clerk
U.S. Court of Appeals for the
  District of Columbia Circuit
333 Constitution Ave. NW
Washington, DC 20001

**Re:** *Sprint Corp. v. FCC*, & *T-Mobile USA, Inc. v. FCC*,
Nos. 24-1224 & 24-1225

Dear Mr. Cislak:

By this letter, Respondents' counsel respectfully seeks to clarify statements made at oral argument on March 24 regarding the Fifth Circuit's decision in *United States v. Stevens*, 691 F.3d 620 (5th Cir. 2012).

At argument, Respondents' counsel stated that under *Stevens*, a party "presumably" could challenge, on appeal, "legal issues that were raised" in a 47 U.S.C. § 504(a) trial, and agreed with Judge Pan that, even in the Fifth Circuit, a court of appeals "should be able" to "look at the legal issues" that a party was not "allowed to raise" in a § 504(a) trial. (Arg. 27:05–27:47.)

In fact, however, the Fifth Circuit in *Stevens* stated that "[p]ersons aggrieved by a final FCC forfeiture order must raise legal challenges to the validity of the order in a timely petition for review in the appropriate court of appeals." 691 F.3d at 623. This holding results from the Fifth Circuit's interpretation of the Hobbs Act's statutory allocation of jurisdiction over FCC orders, which, as Respondents' brief demonstrates, does not preclude a jury in district court from determining the underlying facts. *See* Respondents' Br. 31–33.

                        Respectfully submitted,

                        /s/ *John R. Grimm*

                        John R. Grimm
                        *Counsel*

cc:    All Counsel (via CM/ECF)