**GIBSON DUNN**

Helgi C. Walker
Partner
T: +1 202.887.3599
M: +1 202.906.0848
hwalker@gibsondunn.com

April 18, 2025

VIA CM/ECF

Clifton Cislak
Clerk of Court
U.S. Court of Appeals for the District of Columbia Circuit
333 Constitution Avenue, N.W.
Washington, DC 20001

Re:   *Sprint Corp. v. FCC*, No. 24-1224; *T-Mobile USA, Inc. v. FCC*, No. 24-1225

Dear Mr. Cislak:

I write regarding the Fifth Circuit's decision in *AT&T, Inc. v. FCC*, No. 24-60223 (Apr. 17, 2025), which vacated a materially identical forfeiture order under *Jarkesy* and confirms vacatur is likewise warranted here.

On the same day as the T-Mobile and Sprint ("T-Mobile") forfeiture orders, the FCC imposed on AT&T a monetary forfeiture under 47 U.S.C. § 222 and 47 C.F.R. § 64.2010(a) for failing to take reasonable measures to protect customer information related to location-based services. Like T-Mobile, AT&T paid under protest and petitioned for review, making the same arguments raised here.

The Fifth Circuit unanimously granted AT&T's petition for review and vacated the forfeiture order.[*] The court's opinion held that the FCC's in-house adjudication violated the Seventh Amendment and Article III because the FCC's civil penalties are a quintessential legal remedy and the FCC's reasonable-measures claim "is analogous to common law negligence." Op.10. The court explained that "the 'more important' first consideration"—remedy—rendered irrelevant any "ambiguity" about the relationship between the FCC's claim and common-law negligence. Op.12-13. The court then held that the public-rights exception didn't apply, despite AT&T's common-carrier status and the FCC's authority to grant licenses and set rates. Op.13-18.

Finally, as to an issue this Court focused on at oral argument, the Fifth Circuit held that a Section 504 trial didn't solve the Seventh Amendment and Article III problems. The FCC's forfeiture orders "are not mere suggestions" but final decisions that "adjudge[] a carrier guilty" and "lev[y] fines," creating "real-world impacts" including affecting future penalties and reputational harm. Op.18-19. Further, defendants in Section 504 trials can't "challenge a forfeiture order's legal conclusions" under *Stevens*, Op.19, as the FCC recognized in its post-

---

[*] Judge Haynes concurred in the judgment without opinion.

**Gibson, Dunn & Crutcher LLP**
1700 M Street, N.W.  |  Washington, D.C. 20036-4504  |  T: 202.955.8500  |  F: 202.467.0539  |  gibsondunn.com

(Page 1 of Total)

**GIBSON DUNN**

April 18, 2025
Page 2

argument letter, Dkt. 2107799 (Mar. 26, 2025). That creates a "dilemma": AT&T must give up a jury trial or the ability to raise legal challenges. Op.20. "Either way, AT&T's Seventh Amendment rights have been denied." Op.20.

The Fifth Circuit's decision is squarely on point, rejecting each of the Seventh Amendment arguments the FCC presented here. This Court should vacate the forfeiture orders.

Respectfully submitted,

/s/ *Helgi C. Walker*
Helgi C. Walker

GIBSON, DUNN & CRUTCHER LLP
*Counsel for Petitioners*